UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE GOMEZ QUIROZ,<br><br>    Defendant. | Docket No. P:22-CR-00104-DC |

### GOVERNMENT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION OF ACQUITTAL AND MOTION TO RECONSIDER MOTION TO DISMISS

The Government respectfully files this supplemental response to alert the Court to new persuasive authority relevant to the defendant's motion of acquittal and reconsideration. In its initial response, the Government argued the defendant's motion should be denied because 18 U.S.C. § 922(n) squares with the nation's historical tradition of gun regulation therefore it complies with *New York State Rifle & Pistol Ass'n, inc. v. Bruen*, 142 S. Ct. 2111 (2022). The United States District Court for the Western District of Oklahoma has recently decided this same § 922(n) issue in favor of the government's position.[1] *See United States v. Kays*, ECF Doc. No. 5:22-CR-00040, (W.D. Okla. 2022).[2] In *Kays*, the District Court held that 18 U.S.C. § 922(n) does not violate the Second Amendment because it is narrowly tailored and less restrictive than previous analogous statutes originating from the mid-1830s. *Id.* at pg. 9.

---

[1] This is possibly the first post-*Bruen* Court decision regarding § 922(n).
[2] Decided August 29th, 2022.

1

The District Court found that § 922(n) does not prevent a citizen from owning or carrying a firearm outright; it merely restricts an individual's right to *receive* a firearm during the pendency of an indictment. *Id.* at pg. 10. As such, § 922(n) only burdens an individual's Second Amendment rights "during the pendency of the indictment, a volatile period during which the stakes and stresses of pending criminal charges often motivate defendants to do violence to themselves or others." *United States v. Khatib*, No. 12-CR-190, 2012 WL 608682, at *4 (E.D. Wis. Dec. 6, 2012)*; see also Laurent*, 861 F.Supp.2d at 102 ("[I]f the individual only received a gun *after* indictment, this conduct raises the suspicion that his purpose is not self-defense in the home, but further crime") (emphasis added). Nothing in § 922(n) restricts an individual from carrying or using a firearm in self-defense it merely temporarily prevents the *receiving* of new firearms during the pendency of the criminal charges.

Unlike the New York law struck down in *Bruen*, § 922(n) does not restrict the Second Amendment rights of every citizen; at its root § 922(n) is faithful to the notion that individuals have the right to bears arms. *Kays* at 10. The District Court found that § 922(n) is a less restrictive and more narrowly tailored statute than the historical surety laws, as discussed in *Bruen*, which only required "reasonably accused" individuals to "show a special need in order to avoid posting a bond" before carrying a firearm. *Id.* "[T]he surety laws presumed that individuals had a right to public carry that could be burdened only if another could make a specific showing of reasonable cause to fear an injury, or breach of the peace." *Bruen*, at 2148 (internal quotation omitted). Thus, the District Court found the surety laws from the mid-1830s to be proper historical analogues for § 922(n).

Therefore, the Government respectfully submits that the § 922(n) does not violate the Second Amendment. The Government asks the Court to deny Defendant's Motion for Acquittal and Reconsideration.

        Respectfully submitted,

        Ashley C. Hoff
        United States Attorney

        */s/ Matthew Ellis*
        Matthew Ellis S.C. Bar No. 104912
        Assistant United States Attorney
        2500 North Highway 118, Suite A200
        Alpine, Texas 79830
        (432) 538-6100

## CERTIFICATE OF SERVICE

I certify that on September 1, 2022, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will serve all parties of record.

*/s/ Matthew Ellis*
Matthew Ellis S.C. Bar No. 104912
Assistant United States Attorney